**Steven Rizzo**, OSB No. 840853
**Mary D. Skjelset,** OSB No. 075840
Rizzo Mattingly Bosworth PC
1300 SW Sixth Ave., Suite 330
Portland, OR 97201
P: 503-229-1819
F: 503-229-0630
srizzo@rizzopc.com
mskjelset@rizzopc.com

ATTORNEYS FOR PLAINTIFF A.F.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| A.F. | CASE NO. 2:18-cv-01404-SU |
| Plaintiff, | |
| v. | |
| CHRISTOPHER EVANS, et al, | |
| Defendants. | |
| | |
| E.F. | CASE NO. 2:19-cv-01056-SU |
| Plaintiff, | |
| v. | **PLAINTIFF A.F's MOTION TO COMPEL DIRECTED TO DEAN GUSHWA AND MARY MELTON** |
| CHRISTOPHER EVANS, et al, | |
| Defendants. | *Oral argument requested* |

## INTRODUCTION

While Derric Campbell was under indictment for his crimes against A.F., Burcart – who

had represented A.F. – was interviewed by an investigator (Mary Melton). Melton's notes of the

interview are in the possession of attorney Dean Gushwa, who defended Campbell in the criminal

proceeding prior to Campbell's suicide. Plaintiff subpoenaed these notes and related information

1 - PLAINTIFF A.F's MOTION TO COMPEL DEAN GUSHWA

from Gushwa. The PLF retained counsel to represent Gushwa, and objects to the production, citing attorney-client privilege and attorney work product.

Plaintiff, therefore, moves the Court for an order compelling production of the notes of Burcart's statement, as (1) the notes are not privileged attorney-client communications, (2) any potential claims of attorney-client privilege were waived through Campbell's repeated and extensive disclosures to Burcart throughout his prosecution, and (3) the notes are not protected work product.

This Motion is based on Fed. R. Civ. P. 26 and 45, the Declaration of Counsel ("Decl.") and exhibits and the following points and authorities. A.F. incorporates by reference his Motion to Compel Moffet and his letter to this Court dated January 3, 2020.

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel have conferred in good faith, but have been unable to reach agreement.

## BACKGROUND

*2016*

On January 20, 2016, A.F. disclosed that Campbell had sexually abused him. Campbell was interviewed by the La Grande Police Department on January 22, 2016, and on January 27, 2016, the Union County Circuit Court removed A.F. and his sibling from the Campbell home and returned them to their biological father's custody. Campbell was indicted on March 30, 2016 and arrested the next day, March 31, 2016. On April 22, 2016, Campbell was arraigned in Union County Circuit Court. Grande Ronde Defenders ("GRD") assigned Thomas B. Powers to represent Campbell in the ensuing criminal prosecution. (Decl., Ex. 1 at 1).

On November 2, 2016, Burcart e-mailed Victoria Moffet ("Moffet"), writing that she "*just spent time on the phone with Derric's PI* [Melton] – *engaged by his absentee lawyer, Tom P.*"[1]

---

[1] Thomas B. Powers is the current Union County Circuit Court Presiding Judge Powers. *See* https://www.courts.oregon.gov/courts/union/go/Pages/judges.aspx

2 - PLAINTIFF A.F's MOTION TO COMPEL DEAN GUSHWA

Burcart was concerned that "[n]either PI [Melton] nor lawyer seem to have any history on this family, *so I sent her to you for background on dear* [A.G.][2] & what happened to the boys *before the dependency which we consider the last one!* Thanks dear." (Decl., Ex. 2) (emphasis added). The next day, November 3, 2016, Powers followed Burcart's statement by serving a Criminal Action Subpoena *Duces Tecum* on DHS seeking "DHS case files related to dependency proceedings involving defendant Derric Campbell and the minors [A.F] and [E.F.]." (Decl., Ex. 3).

> *2017*

On April 14, 2017, Campbell waived his right to a jury trial. Gushwa was substituted one week later for Powers, who withdrew from the representation. (Decl., Ex. 1 at 4).

On July 18, 2017, Burcart and Campbell spoke by phone twice. Their first call (11:47am) lasted twenty-two (22) minutes and the second (5:20pm) lasted seven (7) minutes. Campbell disclosed his plea offer to Burcart, along with communications involving both Powers and Gushwa. Immediately following Campbell's 22-minute conversation with Burcart, Burcart texted Moffet and related that "*Campbell called for advise* [*sic*]." (Decl., Ex. 4). Campbell had not "*seen the interview tape of [A.F.].*" She advised Campbell that he "*can't consider an [o]ffer till he's seen it.*" Campbell requested that she "*talk to Gushwa*" and related that his trial was set for August 3 in front of "Russ [Judge West]."[3] Campbell disclosed his plea negotiations. Burcart expressed concern that although Powers "*got [a] misdo[meanor] offer . . . now it's a non-11 felony.*" Campbell also disclosed Gushwa's legal advice: "*Gushwa wants him to plead.*" Campbell added that he had not undergone a "*psychosexual evaluation*" and that Gushwa "*claims he doesn't have [] tape* [recording of A.F.]" and "*could never get a hold of*" Powers. Burcart advised Campbell to

---

[2] A.G. is the children's biological mother. GRD assigned Moffet to represent A.G's interests in the underlying dependency proceeding.

[3] Judge West presided over the dependency proceeding.

3 - PLAINTIFF A.F's MOTION TO COMPEL DEAN GUSHWA

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

inform the prosecuting attorney that he "*needs to see [the] tape before evaluating his options*."[4] Moffet agreed to speak with Campbell "tomorrow." *Id.* Gushwa contacted the Union County District Attorney's Office that same day - July 18, 2017. A written account of the communication indicated that "Derric [Campbell] "wants to see the Mt. Emily videos. He doesn't have them. Gushwa also stated that "[Campbell] *is on the verge of settling this* be [*sic*] *he wants to see the videos first.*" (Decl., Ex. 5).

Whether Campbell watched the Mt. Emily Safe Center video recordings is unknown. He committed suicide on July 25, 2017, within one week of Burcart's ultimate "counsel."[5]

*Gushwa objections*

On November 1, 2019, A.F. served a subpoena on Gushwa and Melton, requesting *inter alia* communications and statements from Burcart. (Decl., Ex. 6). The Gushwa Privilege Log indicates that Gushwa has possession of Melton's notes from her November 2, 2015 interview with Burcart. Although the log is somewhat vague, PLF counsel for Gushwa and Melton (Mr. Pollino) has confirmed that Melton interviewed Burcart and claims the interview was "for the purposes of rendering legal advice to [Gushwa's] client Mr. Campbell." (Decl., Ex. 7). As such, Gushwa is asserting privilege on behalf of Campbell, his deceased former client.

## ARGUMENT

### A. *Melton's interview with Burcart was not an attorney-client communication*

Under **Fed. R. Evid. 501,** federal law governs the availability and scope of the attorney-client privilege in non-diversity actions. *See **Admiral Ins. Co., v. United States District Court,*** 881 F.2d 1486, (9th Cir. 1989). "The burden is on the party asserting the privilege to establish all the elements of the privilege." *See U.S. v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000)). Blanket

---

[4] Burcart was referring to the recorded January 20, 2016 Mt. Emily Safe Center child abuse assessment interviews.

[5] From January 20, 2016, the date of A.F.'s disclosure through July 18, 2017, Campbell spoke to Burcart for approximately one-hundred thirty-three (133) minutes and transmitted approximately thirty-six (36) text messages to her. (Decl. at ¶ 8).

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

assertions of the privilege are "extremely disfavored." *Clarke v. Am. Commerce Nat'l Bank,* 974 F.2d 127, 129 (9th Cir. 1992); *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977) (emphasis added).

The attorney-client privilege "applies to communications between *lawyers and their clients* when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation." *United States v.Chen*, 99 F3d 1495, 1501 (9th Cir. 1996) (emphasis added). The privilege protects from disclosure "confidential communications *between attorneys and clients*, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F3d 559, 566 (9th Cir 2011) (internal citation omitted) (emphasis added).

Melton's November 2, 2016 interview with Burcart (a retired lawyer) was not a communication between a lawyer and her/his client. Melton is an investigator, not a lawyer. Burcart's statements to Melton were not confidential communications between a lawyer and a client. For these reasons, the Court should reject Gushwa's blanket assertion of decedent Campbell's privilege.

**B.  *In the alternative, Campbell waived the attorney-client privilege***

Fed. R. Evid. 502 was enacted to resolve "long-standing disputes in the courts" about the effect of disclosures of privileged information. The Advisory Committee reported that Fed. R. Evid. 502 "seeks to provide a predictable, uniform set of standards under which parties can determine the consequences of a disclosure of a communication or information covered by the attorney-client privilege or work product protection."[6]

The Ninth Circuit Court of Appeals holds that the privilege may be waived by voluntary disclosure. *United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir. 1990) (citing *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985)). In *Bittaker v. Woodford,* 331 F.3d 715 (9th Cir. 2003), the Court explained that an express waiver occurs when a party *discloses* privileged

---

[6] *See* Advisory Comm. on Evidence Rules, Report of The Advisory Committee On Evidence Rules (May 15, 2007), http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/Reports/2007-05-Committee_Report-Evidence. pdf.

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229 1819 | F: 503.229.0630

information to a third party who is not bound by the privilege, or otherwise *shows disregard* for the privilege by making the information public. "Disclosures that effect an express waiver are typically within the full control of the party holding the privilege; courts have no role in encouraging or forcing the disclosure--they merely recognize the waiver after it has occurred." *Id.* at 720.

As demonstrated in Decl., Ex. 8, with respect to his *disclosures*, Campbell repeatedly contacted Burcart and involved her in the minutia of his criminal proceeding. Their liaison began on January 21, 2016 (the day after A.F. disclosed), when the pair held a lengthy conversation to prepare a strategy for Campbell's police interview the next day. The Burcart-Moffet communications following Campbell's April 22, 2016 arraignment show that Campbell continued sharing with Burcart information about the course of the prosecution and his defense strategy until shortly before his July 2017 suicide.

Campbell's disclosure that Powers apparently lacked sufficient knowledge about the dependency proceeding led directly to his issuance of the DHS subpoena on November 3, 2016, which he had not done previously. Again, on July 18, 2017, Campbell called Burcart to seek her "advice" at a critical juncture in his criminal case. Campbell freely disclosed to Burcart that he was now being charged with a felony crime. He further disclosed the lack of having undergone a psychosexual evaluation and Gushwa's advice that he accept an outstanding plea offer. Campbell also shared concerns about the impact of Mt. Emily recordings on his decision to plead and that Gushwa did not "seem" to have them. Gushwa contacted the prosecutor's office that same day, relating Campbell's need in lockstep with Burcart's advice.

The Court should determine that Campbell's disclosures to Burcart (and perhaps Moffet as well), constitute an express waiver.

### C.  *Melton's interview notes with Burcart are not protected work product*

The work-product protection is not a privilege. It is a qualified immunity that protects from discovery documents and tangible things prepared by a party or his representative in anticipation

RIZZO MATTINGLY BOSWORTH PC
1300 SW Sixth Avenue
Suite 330
Portland, OR 97201
T: 503.229.1819 | F: 503.229.0630

of litigation. Fed. R. Civ. P. 26(b)(3). The doctrine affords special protections for work-product that reveals an attorney's mental impressions and opinions, but "other work-product materials" can be ordered produced based on the adverse party's demonstration of substantial need or inability to obtain the equivalent without undue hardship. Accordingly, when a party makes a substantial showing that he is unable through his efforts to obtain needed information, *the balance of equities shifts in favor of disclosure* of trial preparation materials." *See Admiral Ins. Co., v. United States District Court,* 881 F.2d 1486, 1494 (9ᵗʰ Cir. 1989) (emphasis added).

Gushwa's work product assertion does not fit easily in this context. That is, in this action, the decedent Campbell is not adverse to A.F., and Melton's interview notes were not created in preparation for trial in this action. Gushwa cannot demonstrate prejudice to the decedent Campbell by producing the notes under the Protective Order. Further, everything that Burcart disclosed to Melton was (and is) privileged to A.F. Burcart never had authority from her client to divulge A.F.'s confidential information.

Melton's interview notes are not Powers' or Gushwa's mental impressions or opinions, *see e.g., Smith v. Coulombe*, No. 2:11-cv-531-SU, 2013 US Dist LEXIS 14783, at *10 (D Or Feb. 4, 2013) (citing *Admiral Ins. Co., supra,* 881 F2d at 1494). Plaintiff has substantial need for the interview notes. Burcart is refractory to her Rule 26 discovery obligations. Burcart withheld her original file from production from November 2017 – when it was first requested – until September 11, 2019, under the premise that it was "forgotten," first in the possession of GRD and subsequently in her PLF attorney's "safe." Up until Plaintiff's request for an evidentiary hearing, the file produced to Plaintiff was an invention expertly crafted to appear as though it was the original file (right down to the replicated cursive on tabs, and the use and placement of Post-It notes).

Further, Burcart has counseled her former employees that it would be "best" if they remembered nothing about the case during their depositions. (Decl., Ex. 9). She has long withheld her phone records, and has even refused to disclose when she was placed on notice of a litigation

7 - PLAINTIFF A.F's MOTION TO COMPEL DEAN GUSHWA

hold, citing vague "privilege." (Decl., Ex. 10). Notwithstanding Plaintiff's discovery requests and the production of Campbell's U.S. Cellular records, Burcart has refused to produce any substantive communications with Campbell. And she has demonstrated hostility toward A.F.'s family, particularly his father, whom she has dubbed "bastard," and the children's grandfather, whom she has denigrated as "money hungry." (Decl., Ex. 11).

Based on her enmeshment with Campbell - a severe breach of professional responsibility and fiduciary duty - Plaintiff cannot rely on Burcart to testify candidly or remember accurately how and what she communicated to Melton more than three (3) years ago. Plaintiff, therefore, must be permitted to discover Melton's notes. The notes contain the best evidence of Burcart's "mental impressions" and "opinions" at precisely the time she divulged confidential information to abet Campbell's defense, which she did by insinuating that they had "motives" to lie under oath. All the while, however, she was motivated to mitigate her own liability.

For these reasons, the Court should find that the interview notes are not protected by work product and that the balance of equities tips in favor of disclosure.

## CONCLUSION

This Court should grant the Motion and determine that Campbell waived the privilege. If this Court denies the Motion, it should order the production of Melton's interview notes subject to the Protective Order.

Dated: January 3rd, 2020.

RIZZO MATTINGLY BOSWORTH PC

By: _____*s/Steven Rizzo*_____
    Steven Rizzo OSB No. 840853
    Mary D. Skjelset OSB No. 074850
    Rizzo Mattingly Bosworth PC
    1300 SW Sixth Avenue, Suite 330
    Portland, OR 97201
    Tel: (503) 229-1819
    Fax: (503) 229-0630
    ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| A.F. | CASE NO. 2:18-CV-01404-SU |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CHRISTOPHER EVANS, *et. al.* | |
| Defendants. | |

I am employed by the law firm of Rizzo Mattingly Bosworth PC in Portland, Oregon. I am over the age of eighteen years and not a party to the subject cause. My business address is 1300 SW Sixth Avenue, Suite 330, Portland, OR 97201.

On the date below, I caused to be served on all parties in this action by transmitting a true copy thereof:

- PLAINTIFF A.F.'S MOTION TO COMPEL DIRECTED TO DEAN GUSHWA AND MARY MELTON
- DECLARATION OF MARY SKJELSET IN SUPPORT OF PLAINTIFF A.F.'S MOTION TO COMPEL DIRECTED TO DEAN GUSHWA AND MARY MELTON

**VIA ECF**

James Smith
Jill Schneider
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
jill.schneider@doj.state.or.us
james.s.smith@doj.state.or.us
*Of Attorneys for State Defendants*

Caitlin V. Mitchell
Jennifer J. Middleton
Johnson Johnson Lucas & Middleton P.C.
975 Oak Street, Suite 1050
Eugene, OR 97401
Telephone: (541) 484-2434
cmitchell@justicelawyers.com
jmiddleton@justicelawyers.com
*Of Attorneys for E.F.*

Bruno J. Jagelski
Yturri Rose LLP
89 SW 3rd Ave.
PO Box S
Ontario, OR 97914
bjagelski@yturrirose.com
*Of Attorneys for Rick Dall*

Xin Xu
Xin Xu Law Group
5285 Meadows Rd. Ste. 181
Lake Oswego, OR 97035
Telephone: (503) 542-8299
Fax: (503) 487-3939
xin@xinxulaw.com
*Of Attorneys for Grande Ronde Defenders*

Nikola Lyn Jones
Katie M. Eichner
Lindsay Hart, LLP
1300 SW Fifth Ave., Suite 3400
Portland, OR 97201
Telephone: (503) 226-7677
njones@lindsayhart.com
keichner@lindsayhart.com
*Of Attorneys for Defendant Janie Burcart*

**<u>VIA EMAIL & U.S. MAIL</u>**

John Pollino
Garrett Hemann Robertson P.C.
Willamette Professional Center
1011 Commercial St. NE
Salem, OR 97301
Telephone: (503) 581-1501
jpollino@ghrlawyers.com
*Of Attorneys for Dean Gushwa and Mary Melton*

Dated this 3rd day of January, 2020.

 *s/Heather Wettlaufer*
Heather Wettlaufer, Paralegal